**Amber Spataro, Esq. (Id. # 036892008)**
**LITTLER MENDELSON, P.C.**
One Newark Center, 8th Floor
Newark, New Jersey 07102
973.848.4700
*Attorneys for Defendant*
*Mondelēz Global, LLC*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTIAN BARRETO,<br><br>Plaintiff,<br><br>-v-<br><br>NABISCO HOLDINGS CORPORATION, MONDELEZ INTERNATIONAL, INC., DAWN SPRAGUE, and JEFFREY POET,<br><br>Defendants. | Civil Action No. 2:21-cv-12404<br><br>**MONDELĒZ GLOBAL LLC'S ANSWER AND SEPARATE DEFENSES TO COMPLAINT**<br><br>*Electronically Filed* |

Defendant Mondelēz Global LLC (incorrectly named as "Mondelēz International, Inc." and hereinafter referred to as "Mondelez"), by and through their attorneys, Littler Mendelson, P.C., hereby answer the Complaint and Jury Demand ("Complaint") of Plaintiff Christian Barreto ("Plaintiff") as follows:

1.  Defendant lacks sufficient knowledge or information as to the truth or falsity of the allegations of Paragraph 1 and therefore denies the same.

2.  Defendant denies the allegations of Paragraph 2 and state that Nabisco Holdings Corporation ("Nabisco") does not exist as a legal company or employing entity effective in 2001 and, hence, cannot be a proper party in this lawsuit. Nabisco is merged with, and has been part of, Mondelēz International, Inc. since at least 2001.

3.  Defendant denies the allegations of Paragraph 3.

4. Defendant denies the allegations of Paragraph 4.

5. Defendant denies the allegations of Paragraph 5.

6. Except to admit that Mondelez International, Inc. is often styled as Mondelēz, and that it is an American multinational confectionery, food, holding and beverage and snack food company based in Illinois, Defendant denies the remaining allegations of Paragraph 6.

7. Defendant denies the allegations of Paragraph 7.

8. Defendant denies the allegations of Paragraph 8.

9. Defendant denies the allegations of Paragraph 9.

10. Defendant denies the allegations of Paragraph 10.

11. Except to admit that Defendant Mondelez was and still is a limited liability company, Defendant denies the allegations of Paragraph 11.

12. Defendant denies the allegations of Paragraph 12.

13. Defendant denies the allegations of Paragraph 13.

14. Defendant denies the allegation of Paragraph 14.

15. Defendant denies the allegations of Paragraph 15.

16. Defendant denies the allegations of Paragraph 16.

17. Defendant denies the allegations of Paragraph 17.

18. Defendant denies the allegations of Paragraph 18.

19. Defendant denies the allegations of Paragraph 19.

20. Defendant denies the allegations of Paragraph 20.

21. Defendant denies the allegations of Paragraph 21.

22. Defendant denies the allegations of Paragraph 22.

23. Defendant denies the allegations of Paragraph 23.

24. Paragraph 24 calls for a legal conclusion to which no response is required.

25. Defendant denies the allegations in Paragraph 25.

26. Defendant denies the allegations in Paragraph 26.

27. Defendant lacks sufficient knowledge or information as to the truth or falsity of the allegations of Paragraph 27 and therefore denies the same.

28. Defendant denies the allegations in Paragraph 28.

29. Defendant denies the allegations in Paragraph 29.

30. Defendant denies the allegations in Paragraph 30.

31. Defendant denies the allegations in Paragraph 31.

32. Defendant denies the allegations in Paragraph 32.

33. Except to admit that Plaintiff was not offered severance at the time of his termination, Defendant denies the allegations in Paragraph 33.

34. Defendant denies the allegations of Paragraph 34.

35. Defendant denies the allegations of Paragraph 35.

36. Defendant denies the allegations of Paragraph 36.

## AS TO THE FIRST COUNT

1. Defendant denies the allegations of Paragraph 1.

2. Defendant denies the allegations of Paragraph 2.

3. Defendant denies the allegations of Paragraph 3.

4. Defendant denies the allegations of Paragraph 4.

5. Defendant denies the allegations of Paragraph 5.

6. Defendant denies the allegations of Paragraph 6.

7. Defendant denies the allegations of Paragraph 7.

4829-7474-4304.1 / 110997-1002

8. Defendant denies the allegations of Paragraph 8.

9. Defendant denies the allegations of Paragraph 9.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of any allegations contained in Paragraph 10 of the Complaint and, therefore, denies them.

11. Defendant denies the allegations of Paragraph 11.

12. Defendant denies the allegations of Paragraph 12.

13. Defendant denies the allegations of Paragraph 13.

14. Defendant denies the allegations of Paragraph 14, including the allegations in Sub-Paragraphs (a) through (q).

15. Defendant denies the allegations of Paragraph 15, including the allegations in Sub-Paragraphs (a) through (e).

16. Defendant denies the allegations of Paragraph 16.

17. Defendant denies the allegations of Paragraph 17.

To the extent that the Prayer for Relief for Count One (the Wherefore Clause) contains any factual allegations that require a response, Defendant denies them. Defendant specifically deny that Defendant violated any of Plaintiff's rights and that Plaintiff is entitled to any damages including but not limited to severance pay, compensatory damages, punitive damages, attorneys' fees, interest, and costs, and/or any other form of relief.  Defendant specifically deny that Plaintiff is entitled to the relief requested in Paragraphs (A) through (F).

## AS TO SECOND COUNT

1. Defendant denies the allegations of Paragraph 1.

2. Defendant denies the allegations of Paragraph 2.

3. Defendant lacks sufficient knowledge or information as to the truth or falsity of the allegations of Paragraph 3 and therefore deny the same.

To the extent that the Prayer for Relief for Count Two (the Wherefore Clause) contains any factual allegations that require a response, Defendant denies them. Defendant specifically deny that: Defendant violated any of Plaintiff's rights and that Plaintiff is entitled to any damages including but not limited to severance pay, compensatory damages, punitive damages, attorneys' fees, interest, and costs, and/or any other form of relief.  Defendant specifically deny that Plaintiff is entitled to the relief requested in Paragraphs (A) through (F).

## AS TO THIRD COUNT

1. Defendant denies the allegations of Paragraph 1.

2. Defendant denies the allegations of Paragraph 2.

3. Defendant lacks sufficient knowledge or information as to the truth or falsity of the allegations of Paragraph 3 and therefore deny the same.

To the extent that the Prayer for Relief for Count Three (the Wherefore Clause) contains any factual allegations that require a response, Defendant denies them. Defendant specifically deny that: Defendant violated any of Plaintiff's rights and that Plaintiff is entitled to any damages including but not limited to severance pay, compensatory damages, punitive damages, attorneys' fees, interest, and costs, and/or any other form of relief.  Defendant specifically deny that Plaintiff is entitled to the relief requested in Paragraphs (A) through (F).

## AS TO FOURTH COUNT

1. Defendant denies the allegations of Paragraph 1.

2. Defendant denies the allegations of Paragraph 2.

3. Defendant denies the allegations of Paragraph 3.

4829-7474-4304.1 / 110997-1002

4. Defendant denies the allegations of Paragraph 4.

5. Defendant denies the allegations of Paragraph 5.

6. Defendant denies the allegations of Paragraph 6.

To the extent that the Prayer for Relief for Count Four (the Wherefore Clause) contains any factual allegations that require a response, Defendant denies them. Defendant specifically deny that: Defendant violated any of Plaintiff's rights and that Plaintiff is entitled to any damages including but not limited to severance pay, compensatory damages, punitive damages, attorneys' fees, interest, and costs, and/or any other form of relief.  Defendant specifically deny that Plaintiff is entitled to the relief requested in Paragraphs (A) through (F).

## AS TO FIFTH COUNT

1. Defendant denies the allegations of Paragraph 1.

2. Defendant denies the allegations of Paragraph 2.

3. Defendant denies the allegations of Paragraph 3.

4. Defendant denies the allegations of Paragraph 4.

5. Except to admit that Plaintiff was terminated on or about May 29, 2019, Defendant denies the allegations of Paragraph 5.

6. Defendant denies the allegations of Paragraph 6.

7. Defendant denies the allegations of Paragraph 7.

8. Defendant denies the allegations of Paragraph 8.

To the extent that the Prayer for Relief for Count Five (the Wherefore Clause) contains any factual allegations that require a response, Defendant denies them. Defendant specifically deny that: Defendant violated any of Plaintiff's rights and that Plaintiff is entitled to any damages including but not limited to severance pay, compensatory damages, punitive damages, attorneys'

fees, interest, and costs, and/or any other form of relief. Defendant specifically deny that Plaintiff is entitled to the relief requested in Paragraphs (A) through (F).

## AS TO SIXTH COUNT

1. Defendant denies the allegations of Paragraph 1.

2. Defendant denies the allegations of Paragraph 2.

3. Defendant denies the allegations of Paragraph 3.

To the extent that the Prayer for Relief for Count Six (the Wherefore Clause) contains any factual allegations that require a response, Defendant denies them. Defendant specifically deny that: Defendant violated any of Plaintiff's rights and that Plaintiff is entitled to any damages including but not limited to severance pay, compensatory damages, punitive damages, attorneys' fees, interest, and costs, and/or any other form of relief. Defendant specifically deny that Plaintiff is entitled to the relief requested in Paragraphs (A) through (F).

## AS TO SEVENTH COUNT

1. Defendant denies the allegations of Paragraph 1.

2. Defendant denies the allegations of Paragraph 2.

3. Defendant denies the allegations of Paragraph 3.

4. Defendant denies the allegations of Paragraph 4.

To the extent that the Prayer for Relief for Count Seven (the Wherefore Clause) contains any factual allegations that require a response, Defendant denies them. Defendant specifically deny that: Defendant violated any of Plaintiff's rights and that Plaintiff is entitled to any damages including but not limited to severance pay, compensatory damages, punitive damages, attorneys' fees, interest, and costs, and/or any other form of relief. Defendant specifically deny that Plaintiff is entitled to the relief requested in Paragraphs (A) through (F).

4829-7474-4304.1 / 110997-1002

## GENERAL DENIAL

Defendant denies any allegations set forth in the Complaint to the extent not specifically admitted or denied herein.

## SEPARATE DEFENSES

Defendant asserts the following affirmative and other defenses without assuming any burden of proof that does not otherwise exist as a matter of law.

## FIRST DEFENSE

The Complaint is barred, in whole or in part, for failure to state a claim upon which relief may be granted.

## SECOND DEFENSE

The Complaint fails to state a claim upon which an award of compensatory or punitive damages may be granted and Defendant's good faith conduct and efforts to prevent and address unlawful discrimination, harassment and retaliation preclude such an award.

## THIRD DEFENSE

The Complaint fails to state a claim upon which an award of attorney's fees and expenses may be granted.

## FOURTH DEFENSE

Some or all of Plaintiff's factual allegations and claims are barred, in whole or in part, by the applicable statutes of limitation and/or failure to exhaust administrative remedies and/or other statutory prerequisites or other provisions of law.

4829-7474-4304.1 / 110997-1002

**FIFTH DEFENSE**

Plaintiff's claims, or the damages he may recover, are barred or at least reduced by his failure to mitigate any alleged damages, and Defendant is entitled to an offset in the amount Plaintiff has actually earned and/or could have earned in the exercise of reasonable diligence.

**SIXTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

**SEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches and/or unclean hands.

**EIGHTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because, without conceding in any way the allegations set forth in the Complaint, at all times relevant to the facts herein, Defendant had in place a well-publicized and enforced policy against discrimination, harassment, and retaliation, including effective complaint procedures and monitoring mechanisms, which was widely disseminated to all employees, including to Plaintiff.

**NINTH DEFENSE**

Plaintiff unreasonably failed to avail his self of or to exhaust the complaint procedures set forth in Defendant's widely distributed policy against discrimination, harassment, and retaliation.

**TENTH DEFENSE**

All of the employment decisions with respect to Plaintiff were based on legitimate, non-discriminatory business reasons unrelated to Plaintiff's alleged disability, the purported exercise of his rights under NJLAD, and/or any other protected classification or activity.

## ELEVENTH DEFENSE

Defendant is not the proximate or actual cause of the damages alleged by Plaintiff.

## TWELFTH DEFENSE

Insofar as Plaintiff purports to allege a claim or claims for negligence or for physical or mental and emotional distress, including claims for recovery of any medical expenses thereby incurred, said claims are barred by the exclusive remedy provisions of the New Jersey Workers' Compensation Act, *N.J.S.A.* 34:15-1 *et seq.*

## THIRTEENTH DEFENSE

All actions or omissions by Defendant were taken in good faith, and with reasonable belief that such actions or omissions did not violate NJLAD.

## FOURTEENTH DEFENSE

Plaintiff's claims under NJLAD fail in that Defendant did not interfere with, restrain or deny the exercise, or the attempt to exercise, any rights to which Plaintiff was entitled under the Law.

## FIFTEENTH DEFENSE

Defendant Nabisco Holdings Corporation is not Plaintiff's employer, and therefore, is not a properly-named party under NJLAD.

## SIXTEENTH DEFENSE

Defendant did not enter into oral, verbal, or written contract with Plaintiff, and therefore, did not breach any contract.

## SEVENTEENTH DEFENSE

Defendant reserves the right to assert additional defenses based upon facts learned during discovery.

4829-7474-4304.1 / 110997-1002

WHEREFORE, Defendant respectfully request judgment dismissing the Complaint with prejudice, together with its attorneys' fees and costs of suit and any other relief this Court may deem just and proper.

### CERTIFICATION UNDER L. Civ. R. 11.2

The undersigned counsel for Defendant certifies that to the best of their knowledge and belief, the above-captioned controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

**LITTLER MENDELSON, P.C.**
Attorneys for Defendant Mondelēz Global, LLC

Dated: June 30, 2021

*/s/ Amber Spataro, Esq.*
Amber Spataro

**CERTIFICATE OF SERVICE**

I, Amber Spataro, hereby certify that on this 30th day of June 2021, the foregoing Answer to the Complaint and Separate Defenses was filed using the District of New Jersey's ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon all counsel of record.

Sara Jacobs, Esq.<br>
Cowens & Jacobs<br>
21 Main Street, Suite 153<br>
Hackensack, New Jersey 07601

/s/ *Amber Spataro, Esq.*
Amber Spataro

Dated: June 30, 2021

4829-7474-4304.1 / 110997-1002